UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEIGH VAN HOOSE, JR., INSURANCE AGENCY, INC., ET AL.<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 15-2877 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.<br>    Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiffs Wanda Sue Van Hoose[1] and the Leigh Van Hoose, Jr., Insurance Agency, Inc ("the Van Hoose Agency").[2] Defendants oppose the motion to remand.[3] The Court has considered the briefs, the record, and the applicable law. For the reasons stated herein, the motion to remand is **GRANTED**.

## FACTUAL BACKGROUND

Prior to his death in 2013, Leigh Van Hoose, Jr. ("Van Hoose"), had served as a State Farm insurance agent in Slidell, Louisiana for over 30 years.[4] According to Van Hoose, one of his business competitors in the Slidell area was Curtis Martin ("Martin").[5] At some point in 2009, Martin developed terminal cancer, and when his death became imminent, he requested that Van Hoose consider hiring one of Martin's long-time employees—Ms. Fanny Pichon ("Pichon").[6] Van Hoose hired Pichon on June 25, 2009.[7] Approximately one week after Van Hoose hired Pichon, he allegedly received a

---

[1] Leigh Van Hoose, Jr., passed away from cancer on February 10, 2013. *See* R. Doc. 9-1 at 1. His wife, Wanda Van Hoose, was thereafter substituted in his place as a plaintiff.
[2] R. Doc. 9.
[3] R. Doc. 10.
[4] R. Doc. 1-1 at 2.
[5] R. Doc. 1-1 at 3. Martin also owned a State Farm insurance agency in Slidell, and apparently Martin and Van Hoose were close friends, although business competitors. R. Doc. 1-1 at 3.
[6] R. Doc. 1-1 at 3.
[7] R. Doc. 1-1 at 3.

1

telephone call from Robert England ("England"), a State Farm Agency Field Executive.[8] During the call, England apparently warned Van Hoose that "he better not see any policyholder transfer from the [Martin] Agency to the Van Hoose Agency."[9] Van Hoose avers he informed England that neither he nor Pichon would solicit policyholders from the former Martin agency.[10]

At some point in July 2009, Grant Gravois ("Gravois"), a former State Farm employee, was "given" a State Farm agency in Slidell.[11] Gravois was allegedly promised all of the policyholders from Martin's agency.[12] Van Hoose alleges that, without any action or volition of his own, many of the policyholders from Martin's agency—whose business had been pledged to Gravois by State Farm—attempted to transfer their policies to the Van Hoose agency.[13] Van Hoose argues that Gravois, England, and various State Farm entities (collectively, the "State Farm Defendants") thereafter "engaged in a conspiracy to restrict or prohibit policyholders from freely transferring to the Van Hoose Agency."[14]

## PROCEDURAL HISTORY

On January 5, 2011, Van Hoose and the Van Hoose Agency filed suit against a number of Defendants[15] in the 22nd Judicial District Court for the Parish of St. Tammany, asserting claims for breach of contract, unfair trade practices, antitrust, and interference with contractual relations.[16]

---

[8] R. Doc. 1-1 at 3.
[9] R. Doc. 1-1 at 3.
[10] R. Doc. 1-1 at 3.
[11] R. Doc. 1-1 at 3.
[12] R. Doc. 1-1 at 3.
[13] R. Doc. 1-1 at 3.
[14] R. Doc. 9-1 at 2.
[15] Originally named as Defendants were: (1) State Farm Mutual Automobile Insurance Company; (2) State Farm Life Insurance Company; (3) State Farm Fire and Casualty Company; (4) State Farm General Insurance Company; (4) Grant Gravois; (5) Grant Gravois Insurance Agency; and (6) Robert A. England. R. Doc. 1-1 at 1–2.
[16] *See generally* R. Doc. 1-1; R. Doc. 1 at 4–5.

On March 29, 2011, the Defendants filed exceptions of no cause of action with respect to Plaintiffs' antitrust and unfair trade practice claims.[17] The state trial court denied Defendants' exceptions on May 17, 2011.[18] The trial court's ruling was subsequently appealed to the Louisiana First Circuit Court of Appeal.[19] On July 7, 2011, the First Circuit issued an opinion reversing the trial court's ruling and remanding the matter for further proceedings before the 22nd Judicial District Court.[20] The First Circuit concluded *inter alia* that Plaintiffs had failed to adequately state their antitrust and unfair trade practices claims as a matter of law.[21] The First Circuit ruled that, upon remand, the Plaintiffs' would have the opportunity to amend their petition to reallege those claims.[22] However, on June 5, 2012, before amending the petition as ordered by the First Circuit, Plaintiffs dismissed their claims against Gravois and the Grant Gravois Insurance Agency, Inc (collectively, "the Gravois Defendants").[23] Plaintiffs maintain the dismissal of the Gravois Defendants was simply intended to avoid the exorbitant costs associated with conducting the needed research and market studies to properly reallege the claims against the Gravois Defendants.[24]

Following the dismissal of the Gravois Defendants, the remaining parties began conducting extensive discovery.[25] On February 28, 2014, the State Farm Defendants and England filed exceptions of no right of action, challenging whether Wanda Van Hoose had the authority to act on behalf of the Van Hoose Agency. Plaintiffs note that at no point in these exceptions did England argue Plaintiffs failed to state a cause of action

---

[17] R. Doc. 9-1 at 3. *See also* R. Doc. 1-1 at 21.
[18] R. Doc. 1-1 at 29.
[19] R. Doc. 1-1 at 32.
[20] R. Doc. 1-2 at 11.
[21] R. Doc. 1-2 at 20, 21. *See* also R. Doc. 9-1.
[22] R. Doc. 1-2 at 21.
[23] R. Doc. 9-1 at 4.
[24] R. Doc. 9-1 at 4.
[25] *See* R. Doc. 9-1 at 4. Plaintiffs' motion to remand contends that discovery continued through August 2015. *See* R. Doc. 9-1 at 6.

3

against him.[26] The state trial court denied the exceptions on July 8, 2014.[27] Discovery apparently continued, and the Plaintiffs allege that, as they were attempting to conclude discovery, the Defendants made clear that a motion for summary judgment was imminent.[28] According to Plaintiffs, rather than incur the costs associated with contesting such a motion, they agreed to voluntarily dismiss England from the suit.[29] On June 22, 2015, the Court granted Plaintiffs' motion to dismiss England.[30] After England's dismissal, the State Farm Defendants became the only remaining Defendants.

On July 22, 2015, the State Farm Defendants removed the case to this Court on the basis of diversity subject matter jurisdiction.[31] In the notice of removal, the State Farm Defendants argued that, because Plaintiffs had dismissed their claims against all of the non-diverse defendants,[32] the action was properly removable to federal court.[33] On August 12, 2015, Plaintiffs filed a motion to remand the case to state court.[34] In the motion, Plaintiffs contend removal was untimely as it occurred more than one year after the suit was filed.[35] It is this motion to remand that is presently before the Court.

## LEGAL STANDARD

If removal is untimely, the case must be remanded to state court.[36] Title 28, United States Code, Section 1446 provides that a defendant's "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

---

[26] R. Doc. 9-1 at 6.
[27] R. Doc. 1-2 at 28.
[28] R. Doc. 9-1 at 6.
[29] R. Doc. 9-1 at 6.
[30] R. Doc. 9-1 at 4.
[31] R. Doc. 1.
[32] Gravois, the Gravois Agency, and England were Louisiana citizens, as are the Plaintiffs. *See* R. Doc. 1 at 8. The State Farm Defendants are citizens of Illinois. R. Doc. 1 at 8. Thus, once the State Farm Defendants became the only defendants remaining in this case, diversity of citizenship existed.
[33] R. Doc. 1 at 9.
[34] R. Doc. 9.
[35] R. Doc. 9 at 7–9.
[36] *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 760 (5th Cir. 2000).

4

relief upon which such action or proceeding is based."[37] Section 1446(b)(3) further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[38] "Regardless of whether the case is initially removable or becomes removable at a later date, a case may not be removed based on diversity jurisdiction more than one-year after commencement of the action."[39]

## DISCUSSION

In this case, it is beyond dispute that removal occurred more than one year after the commencement of the action.[40] In fact, the State Farm Defendants concede that removal was untimely pursuant to 28 U.S.C. § 1446(b).[41] Instead, they argue the one-year limit on removal in Section 1446(b) should be tolled pursuant to an "equitable exception" set forth by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*[42] In the motion to remand, Plaintiffs contend *Tedford*'s equitable exception should not toll the one-year limit on removal in this case.[43]

I.   *Equitable Exception;* Tedford v. Warner-Lambert Co.

In *Tedford*, the Fifth Circuit held that "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit."[44] According to the Fifth Circuit in *Tedford*, "[s]trict application of the one-year

---

[37] 28 U.S.C. § 1446(b)(1).
[38] 28 U.S.C. § 1446(b)(3).
[39] 28 U.S.C. § 1446(b)(3).
[40] *See* R. Doc. 9-1 at 7; R. Doc. 10 at 4–5. Plaintiffs filed suit on January 5, 2011, but the matter was not removed until June 22, 2015.
[41] *See* R. Doc. 1 at 9.
[42] 327 F.3d 423 (5th Cir. 2003).
[43] *See* R. Doc. 9-1.
[44] *Tedford*, 327 F.3d at 426.

5

limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction."[45] As a result, the *Tedford* court noted "the time limit for removal is not jurisdictional" and "may be waived" due to the conduct of the parties, including acts of "forum manipulation."[46] In *Tedford*, it was clear the plaintiffs engaged in forum manipulation. The plaintiffs filed suit against several defendants in state court, including an unsupportable cause of action against a non-diverse defendant.[47] The defendants soon discovered that the non-diverse defendant was not a proper party and notified the plaintiffs of their intent to remove the matter to federal court.[48] Within hours, plaintiffs amended the petition to add an additional non-diverse defendant.[49] Plaintiffs then post-dated a notice of nonsuit as to the non-diverse defendant before the one-year anniversary of the commencement of the action, but did not notify the defendants of the nonsuit until after the expiration of the one-year mark had passed.[50] The Fifth Circuit concluded that such conduct was clear evidence of forum manipulation and found it appropriate to apply an equitable exception to the one-year limit on the removal of diversity actions.[51]

Generally, "removal jurisdiction is to be strictly construed, as its application deprives a state court of a case properly before it and thereby implicates important federalism concerns."[52] In determining whether to apply *Tedford*'s equitable exception

---

[45] *Id.* at 427. The Fifth Circuit concluded in *Tedford* that such conduct—*i.e.*, naming a non-diverse defendant for the sole reason of defeating federal diversity jurisdiction—can amount to "forum manipulation" and serve as an equitable exception to the general rule that removal may not take place more than one year after the commencement of the suit. *Id.* at 426–27.
[46] *Id.* at 426 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).
[47] *Id.* at 424–25.
[48] *Id.* at 425.
[49] *Id.*
[50] *Id.*
[51] *Id.* at 427–29.
[52] *Foster v. Landon*, No. 04-2645, 2004 WL 2496216, at *2 (E.D. La. Nov. 4, 2004) (quoting *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997)) (internal quotation marks omitted).

to the one-year limit on removal in Section 1446(b), the district court must make a case-by-case determination, based upon the parties' conduct, as to whether there was a "transparent attempt to circumvent federal jurisdiction."[53] An "aroma of manipulation" is not sufficient to trigger the rarely used exception of equitable tolling.[54] "The few cases in which courts have applied the equitable exception to 28 U.S.C. § 1446(b) share a singular trait: the plaintiffs engaged in clear instances of forum manipulation."[55] Thus, for the equitable exception to apply, it must be clear that the plaintiffs engaged in forum manipulation.[56]

II. *Analysis*

It is well accepted that the removing party bears the burden of establishing that federal jurisdiction exists.[57] When removal takes place beyond the one-year limit of Section 1446(b) and, as a result, the removing party requests equitable tolling under *Tedford*, it is the removing party's burden to show that the record supports application of the exception under *Tedford* because the plaintiffs clearly engaged in forum manipulation.[58] In this case, the State Farm Defendants have not provided clear

---

[53] *See, e.g.*, *Mitchell v. Amica Mut. Ins. Co.*, No. 14-2766, 2015 WL 1608670, at *3 (E.D. La. Apr. 10, 2015); *Foster*, 2004 WL 2496216, at *3; *Fruge v. Burlington Res. Oil & Gas Co. LP*, No. 2:14-cv-02382, 2015 WL 4131353, at *3 (W.D. La. Mar. 30, 2015); *Williams v. Mor-Tem Risk Mgmt. Servs. Inc.*, No. 6:11-cv-1408, 2012 WL 1014752, at *5 (W.D. La. Mar. 22, 2012). *See also Brower v. Staley*, 306 F. App'x 36, 38 (5th Cir. 2008) (noting that the determination of whether to apply equitable tolling is based upon the parties' actions).
[54] *Foster v. Landon*, No. Civ.A. 04-2645, 2004 WL 2496216, at *2–3 (E.D. La. Nov. 4, 2004).
[55] *Louisiana State Bar Ass'n v. Weltz & Luxenberg*, No. 09-6366, 2009 WL 4547686, at *3 (E.D. La. Nov. 30, 2009) (citing *Baby Oil, Inc. v. Cedyco Corp.*, 654 F. Supp. 2d 508, 515–16 (E.D. La. July 31, 2009)). *See also Tedford*, 327 F.3d at 427–29; *Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001); *Kinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. 351 (M.D. La. 1996); *Morrison v. Nat'l Benefit Life Ins. Co.*, 889 F. Supp. 945, 947 (S.D. Miss. 1995).
[56] *See, e.g.*, *Roberson Advertising Serv., L.L.C. v. Lafayette Ins. Co.*, No. 08-844, 2008 WL 1732969, at *2 (E.D. La. Apr. 9, 2008).
[57] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). *See also, e.g.*, *Monk v. Werhane Enter., Ltd.*, No. 06-4230, 2006 WL 3918395, at *5 (E.D. La. Nov. 27, 2006); *Baby Oil, Inc. v. Cedyco Corp.*, 654 F. Supp. 2d 508, 515–16 (E.D. La. July 31, 2009). *Tedford*'s equitable exception does not alter this burden. *See, e.g.*, *Monk*, 2006 WL 3918395, at *5; *In re Vioxx Prod. Liab. Litigation*, No. MDL 1657, 2005 WL 3542885, at *4 (E.D. La. Nov. 23, 2005).
[58] *See, e.g.*, *Arrighi v. Celebration Station Prop., Inc.*, 10-105-BAJ-SCR, 2010 WL 4386066, at *7 (M.D. La. Sept. 14, 2010); *Kemp v. CTL Distribution, Inc.*, No. 09-1109-JJB-SCR, 2010 WL 2560447, at *8, *10 (M.D. La. May 6, 2010).

evidence that Plaintiffs engaged in forum manipulation in an attempt to defeat federal jurisdiction. As a result, the State Farm Defendants are not entitled to equitable tolling under *Tedford*.

The record in this case does not present the egregious, clear pattern of forum manipulation required under *Tedford*. The State Farm Defendants assert Plaintiffs engaged in forum manipulation by initially naming three non-diverse defendants—(1) Gravois; (2) the Gravois Agency; and (3) England—and then voluntarily dismissing those defendants after the one-year limit on removal expired.[59] Although Plaintiffs did dismiss the non-diverse defendants after the one-year deadline, such conduct by itself is not sufficient to trigger equitable tolling under *Tedford*. It is clear from the record in this case that Plaintiffs—unlike the plaintiff in *Tedford*—had potentially viable, meritorious causes of action against the non-diverse defendants and pursued those causes of action for several years.[60] The state trial court denied exceptions of no cause of action filed by the non-diverse defendants with respect to Plaintiffs' antitrust and unfair trade practices claims. Although the Louisiana First Circuit Court of Appeal reversed, the trial court agreed with Plaintiffs. Accordingly, it is reasonable to, and this Court does, conclude that Plaintiffs' claims against the non-diverse defendants were made in good faith and were potentially legitimate. Courts have held that the potential legitimacy of claims asserted against non-diverse defendants is sufficient to distinguish a case from *Tedford*.[61] The State Farm Defendants have not supported their assertions of forum

---

[59] R. Doc. 10 at 5–10.
[60] In this case prior to removal, the parties had completed discovery and the Defendants were considering filing dispositive motions. At no point prior to Plaintiffs' voluntary dismissal of the non-diverse defendants did any party file an exception of no cause of action or otherwise challenge the causes of action stated against the non-diverse defendants. Further, based on the facts alleged in the state-court petition, it is reasonable to conclude that Plaintiffs alleged viable theories of recovery against the non-diverse defendants. There is no evidence of intentional forum manipulation by Plaintiffs.
[61] *See, e.g.*, *Lowry v. Dresser*, No. Civ.A. 1:05CV0275, 2005 WL 2237637, at *3 (W.D. La. Sept. 14, 2005) ("The Court finds that the marked difference in the potential legitimacy of the claims against non-diverse defendants is sufficient to distinguish the present action from *Tedford*.").

8

manipulation with any clear evidence that Plaintiffs engaged in an intentional, "transparent attempt" to defeat federal jurisdiction.

## **CONCLUSION**

For the reasons stated herein, the Court finds *Tedford*'s equitable exception inapplicable to the present case. As a result, the State Farm Defendants are not entitled to equitable tolling of the one-year time limit on the removal of diversity actions, and consequently, removal was untimely.

Accordingly;

**IT IS ORDERED** that Plaintiffs' motion to remand is hereby **GRANTED**.

**New Orleans, Louisiana, this 15th day of October, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**